Hon. Richard D. Lamm Governor of Colorado State Capitol Denver, Colorado 80203
Dear Governor Lamm:
QUESTION PRESENTED AND CONCLUSION
This is in response to your letter of January 17, 1977, in which you ask whether it is within the scope of your authority to require the following clause in all state contracts for goods and services:
 Each contracting party agrees that during the term of this contract, it will not discriminate against or refuse to buy from, sell to or trade with any person because of the race, creed, color, national origin, religion or sex of such person, or of such person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers or customers. This provision shall not apply to lawful boycotts connected with labor disputes or carried on to protest unlawful discriminatory practices.
My conclusion is "yes."
ANALYSIS
It would appear that such a provision reflects and furthers the public policy of the state as expressed in various state laws: C.R.S. 1973, 24-34-501 (Discrimination In Places of Public Accommodation); C.R.S. 1973, 24-34-301 (Colorado Anti-discrimination Act of 1957); C.R.S. 1973, 6-4-101 et seq. (Restraint of Trade and Commerce); State Fiscal Rules, Ch. 3, § 1.31, pp. 6-7. The question then becomes the authority of the executive to implement and further state policy by requiring certain conditions in state contracts.
The federal courts can be looked to for guidance in this area, and the leading case is Contractors Association v. TheSecretary of Labor, 442 F.2d 159 (1971). In this case the President issued an executive order requiring bidders on all federal projects (with certain exceptions) to submit an acceptable affirmative action program to insure that employees are treated during employment without regard to race, color, religion, sex or national origin. Plaintiffs argued that the Philadelphia Plan was social legislation without any statutory or constitutional authority. The Court held:
 If no congressional enactment prohibited what had been done, the executive action is valid . . . . Unless the plan is prohibited by some other congressional enactment its inclusion as a pre-condition for federal assistance was within the implied authority of the President and his designees.
At p. 171.
In Savannah Printing Specialties and Paper Products v. UnionCamp Corp., 350 F. Supp. 632 (S.D. Ga. 1972) the court held that the executive order requiring the inclusion of the Philadelphia Plan conditions was valid as
 based on the inherent or implied power of the executive branch to determine the terms and conditions under which the United States will contract.
At p. 635.
In U.S. v. Duquesne, 423 F. Supp. 507 (W.D. Pa. 1976) the government sued a contractor to enforce the Philadelphia Plan provisions contained in the contract. The court approved the holding in Contractor's Association, supra, that the executive has implied authority to issue such an order. See also United States v. Local, 189, 282, F. Supp. 39;Morrow v. Crisler, 491 F.2d 1053 (5th Cir. 1974);Southern Illinois Builders Association v.Ogilvie, 471 F.2d 680 (7th Cir. 1972); ContractorsAssociation v. Secretary of Labor, 442 F.2d 159
(3d Cir. 1971); Joyce v. McCrane, 320 F. Supp. 1284
(D.N.J. 1970).
§ 2 of Article IV of the Colorado Constitution provides that "The supreme executive power of the State shall be vested in the governor, who shall take care that the laws be faithfully executed."
SUMMARY
As in the federal cases, it would seem well within the implied authority of the executive to require that all contracts to which the state is a party contain provisions that are consistent with and express the public policy as contained in the state laws.
Very truly yours,
 J.D. MacFARLANE Attorney General GOVERNOR CONTRACTS CIVIL RIGHTS DISCRIMINATION
C.R.S. 1973, 24-34-501
C.R.S. 1973, 24-34-301
C.R.S. 1973, 6-4-101
Colo. Const. art. IV, § 2
EXECUTIVE BRANCH Governor, Office of ADMINISTRATION, DEPT. OF
The Governor may lawfully require that all contracts to which the state is a party contain an anti-discrimination clause.